IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MIKE R. GUTIERREZ,

        Defendant.

**4:03CR3147**

**ORDER**

The undersigned magistrate judge previously detained the defendant, finding "Defendant has failed to take ownership of his alcohol addiction and is not considered amenable to treatment. He chose not to be placed at Dismas, stating he preferred to just serve his time." (Filing No. 181). While in detention, Defendant changed his mind, and he now moves to be released to his home subject to SoberLink2 Alcohol Monitoring. (Filing No. 182). The motion is unopposed by the government and by Defendant's supervising officer.

I will grant the motion for release with one caveat: <u>Any</u> supervised release violations must be reported to me immediately. This court has no interest in allowing the defendant to participate in supervision with SoberLink2 Alcohol Monitoring if Defendant is not serious about conquering his addiction; that is, if his real or primary goal is simply getting out of jail.

IT IS ORDERED:

1)     Defendant's motion to review detention, (Filing No. 182), is granted.

2)     Defendant shall comply with all terms and conditions of supervised release which were imposed at sentencing except as follows:

        a.     The defendant shall be released to reside his home in

Hastings, Nebraska.

b.  The defendant shall be placed on SoberLink2 Alcohol Monitoring for a period of 90 days, such monitoring to begin as scheduled by the U.S. Probation and Pretrial Services Office. While in the program, the defendant will carry a portable breath testing device and provide breath tests when prompted, via text, by the device. The participant agrees to keep the equipment fully charged. The participant shall also be responsible for the costs of the testing program.

3)  The supervising officer shall immediately advise the undersigned magistrate judge if Defendant fails to fully comply, <u>even once</u>, with the conditions of his supervised release, including the SoberLink2 Alcohol Monitoring program.

4)  Defense counsel shall communicate with the Marshal to arrange for Defendant's release to return to his home in Hastings, Nebraska, providing the Marshal with the necessary contact and transport information for that release.

December 4, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge